## In re Anonymous No. 38 D.B. 87

Disciplinary Board Docket no. 38 D.B. 87.

To the Honorable Chief Justice and the Justices of the Supreme Court of Pennsylvania:

McDONALD, *Member*, June 25, 1987 — Pursuant to the Pennsylvania Rule of Disciplinary Enforcement and the order of the Supreme Court of Pennsylvania dated May 29, 1987, the disciplinary board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above matter.

### HISTORY OF PROCEEDINGS AND STATEMENT OF FACTS

Numerous disciplinary charges are pending against [ ], respondent. Based upon respondent's contentions that he was suffering from a disabling addiction which made it impossible for him to prepare an adequate defense to said charges, the Supreme Court of Pennsylvania, by order dated May 29, 1987, directed that respondent be examined by a qualified medical expert to determine his competency to participate in his own defense. Pending that determination, the Supreme Court of Pennsylvania transferred respondent to inactive status prusuant to Pennsylvania Rule of Disciplinary Enforcement 301(e).

By order dated June 25, 1987 the board directed that the respondent be evalutated by [A], M.D. That evaluation was completed and the report of same dated July 22, 1987 submitted.

Respondent is represented in these proceedings by [B], Esq. Following receipt of the medical evaluation, a copy of same was supplied to respondent's counsel. Following the evaluation of same, respondent, through his counsel [B], Esq., waived his right to a hearing with respect to the conclusion reached by the examining physician that the respondent is competent to participate in his own defense.

## FINDINGS OF FACT

The Disciplinary Board of the Supreme Court of Pennsylvania hereby finds as follows:

(1) Respondent, [ ], has numerous disciplinary charges pending against him.

(2) Respondent, [ ], filed a certificate contending that he is suffering from a disabling addiction which makes it impossible for him to prepare an adequate defense to disciplinary charges brought against him.

(3) Pending a determination of his competency, [respondent] was transferred to inactive status by the Supreme Court of Pennsylvania pursuant to rule 301(e), Pa.R.D.E.

(4) Pursuant to order of the Disciplinary Board of the Supreme Court of Pennsylvania dated June 25, 1987, [ ], respondent, was examined by [A], M.D. for purposes of determining his competency to participate in the defense of the disciplinary charges brought against him.

(5) Respondent was evaluated by [A], M.D. on July 16, 1987 and a report of that evaluation, dated July 22, 1987 submitted to the board.

(6) As a result of an extensive evaluation, [A] concluded that respondent "is presently in good health and is able to prepare an adequate defense to the charges that have been brought against him before the Disciplinary Board of the Supreme Court of Pennsylvania."

(7) [A] further found that there is "a significant rate of relapse among persons addicted to drugs." [A] then recommended "for that reason I would recommend that if [respondent] were to return to the practice of law that there be some provision that would allow for random and periodic drug testing."

(8) Respondent is represented in these proceedings by [B], Esq. and a report of the evaluation of [A], M.D. was supplied to respondent's counsel.

(9) After being supplied with a copy of the medical evaluation, respondent through his counsel waived the opportunity to be heard relative to the conclusions reached by the examining physicin.

## CONCLUSION

The disciplinary board of the Supreme Court of Pennsylvania makes the following conclusion in this proceeding:

[Respondent] is presently in good health and is able to participate in and defend against the charges brought against him pending disciplinary proceedings.

## RECOMMENDATION

The Disciplinary Board recommends to the Supreme Court of Pennsylvania as follows:

(1) That [ ], respondent, be determined to be competent to participate in and defend against the charges brought against him in these disciplinary proceedings and that said proceedings be brought to

issue in accordance with the applicable Pennsylvania Rules of Disciplinary Enforcement.

(2) That in view of respondent's admitted disabling addiction and the significant rate of relapse, it is recommended that respondent remain on inactive status until all pending disciplinary charges are finally resolved.

## ORDER

NIX, *C.J.* — And now, May 29, 1987, upon consideration of the certificate of [respondent] that he is suffering from a disabling addiction which makes it impossible for him to prepare an adequate defense to disciplinary charges brought against him, it is hereby ordered that [respondent] be examined by a qualified medical expert to determine his competency to participate in and defend against the charges brought against him in the above disciplinary proceedings; and it is further ordered that [respondent] is immediately transferred to inactive status pursuant to rule 301(e), Pa.R.D.E., pending a determination of his competency to proceed.

## ORDER

SCHWARTZMAN, *Chairman* — And now, this June 25, 1987, pursuant to the order of the Supreme Court of Pennsylvania dated May 29, 1987:

(A) [A] M.D., [ ], is hereby appointed to examine [respondent] to provide an up-to-date evaluation of respondent's fitness to practice law. Such evaluation should consider whether respondent "[i]s incapacitated from continuing the practice of law by reason of mental infirmity or illness or because of addiction to drugs or intoxicants . . . " (rule 301(b) Pa.R.D.E.) and able to prepare an adequate defense

to charges brought against him in the above disciplinary proceedings. A report of his findings shall be submitted by July 23, 1987 to James D. McDonald Jr., Esq., 456 West Sixth Street, Erie, Pa. 16507, a member of the disciplinary board, appointed as a reviewing member for the purpose of initially receiving such reports.

(B) [Respondent] is directed to make himself available for examination by [A] at his office at 11:00 a.m. on July 16, 1987 and on such other dates as required by [A].

(C) The reviewing member, James D. McDonald Jr., Esq., is directed to arrange for and preside over any further hearing deemed necessary to consider the report of [A] and submit his report to the disciplinary board by August 3, 1987 for its consideration and further report and recommendation to the Supreme Court of Pennsylvania.

## ORDER

NIX, *C.J.* — And now, March 21, 1988, upon consideration of the report and recommendations of the disciplinary board of the Supreme Court of Pennsylvania dated September 28, 1987, and the evaluation of a qualified medical expert, stating that respondent has the competency to participate in and defend against the charges brought against him, it is hereby ordered, that:

(1) Disciplinary proceedings against respondent, [ ], be resumed pursuant to rule 208, Pa.R.D.E.

(2) Respondent shall remain on inactive status pursuant to rule 301(h), Pa.R.D.E. until reinstated by order of the court upon petition for reinstatement to active status.

(3) The disciplinary board is further directed that in any proceedings for reinstatement it shall join in

such proceedings any disciplinary matters which are or may be pending pursuant to rule 218(c)(2), Pa.R.D.E.